UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LONNIE L. JACKSON,

        Plaintiff,

        v.                                  Case No. 21-cv-0640-bhl

CO II GANTNER,
CO II HENDRIX,
CAPTAIN TOM CAMPBELL,
K. SALINAS, and
JENNIFER MCDERMOTT,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Lonnie L. Jackson, who is currently serving a state prison sentence at the Fox Lake Correctional Institution and representing herself,[1] filed a complaint under 42 U.S.C. §1983, alleging that her civil rights were violated. This matter comes before the Court on Jackson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Jackson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Jackson has filed a certified copy of her prison trust account statement for the six-month period immediately preceding the filing of her complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial

---

[1] Jackson explains that she is a "Transgender Male to Female" and requests that the Court use female pronouns when referring to or addressing her. Dkt. No. 1 at 1.

partial filing fee of $3.48. Jackson's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Jackson alleges that, in November 2018, Defendant Gantner instructed her to place her personal and legal property into bins prior to her being moved to the restricted housing unit. Jackson asserts that she complied and placed trial transcripts from her 2001 trial, discovery materials, evidence, letters from the victim, and unused paper her family had purchased for her in the bins. Jackson understood that her personal and legal property would be returned to her upon her release from the restricted housing unit. Dkt. No. 1 at 4, 7.

Upon her release, Defendant Tom Campbell allegedly assured her that all of her property was being returned to her, but Jackson asserts that none of her legal materials were returned. Jackson asked that her legal materials be retuned, but, the next day, Gantner and Campbell informed her that they had been told that her criminal case was closed and therefore her legal materials related to her conviction were contraband and needed to be destroyed. Jackson allegedly informed them that she still had appellate issues to present in state and federal court and refused to agree to the destruction of her legal materials. She also asked that materials related to an open civil case in federal court be returned to her, but they refused. Gantner and Campbell instructed her to file an inmate complaint. Dkt. No. 1 at 5-6.

According to Jackson, she filed an inmate complaint about being denied her legal materials. Defendant K. Salinas allegedly recommended dismissing the inmate complaint after she and Gantner spent about five hours reviewing the documents. Jackson asserts that she told them she needed the documents relevant to her open civil case and that she planned to appeal "the merits of

Unresolved Real Issues, and needed all her criminal trial Transcripts to appeal her conviction." Dkt. No. 1 at 7.

Jackson states that Gantner ordered her to sign a form allowing the institution to destroy her property, but she refused. According to Jackson, Gantner told her, "we know you are doing legal work for profit, but we can't prove it, but the elimination of your legal property should slow you down some, because we don't like jailhouse lawyers in our institution." Dkt. No. 1 at 12. She asserts that she wrote the warden, Defendant Jennifer McDermott, about the threat to destroy her property, but she only instructed Jackson to file an inmate complaint about the issue. Jackson's property was allegedly held in the inmate complaint department for some time as Defendants considered what to do with the property. *Id.* at 7-8.

Months later, on January 15, 2019, Defendants Gantner and Hendrix asked Jackson to complete a property disposition form to allow the institution to destroy her legal property. Jackson refused. She asserts that the property was then destroyed against her wishes. She states that, contrary to policy, she was never given the opportunity to send the property out or have someone from her family pick it up. Jackson highlights that her third inmate complaint about the destruction of her property was affirmed. According to Jackson, the corrections complaint examiner agreed that Gantner and Hendrix did not comply with Department of Corrections policies because Jackson was not given thirty days to decide what should be done with her legal property before the property was destroyed. Hendrix later allegedly informed Jackson that he did not know he was disposing of her legal property and that Gantner had just asked him to be a witness to Jackson refusing to sign the property disposition form. Dkt. No. 1 at 9-11.

## THE COURT'S ANALYSIS

The Court will allow Jackson to proceed with a retaliation claim against Gantner. To state a retaliation claim a plaintiff must allege that "(1) [s]he engaged in a protected First Amendment activity, (2) [s]he suffered a deprivation that would likely deter future First Amendment activity, and (3) the protected activity caused the deprivation." *Harris v. Wall*, 604 F. App'x 518, 521 (7th Cir. 2015) (citations omitted). The Seventh Circuit has stated that, while inmates' speech right on legal matters are not unlimited, they may "help another inmate, otherwise unable to help himself, access the court." *Id.* (citing *Johnson v. Avery*, 393 U.S. 483, 487 (1969)). Jackson's allegations that Gantner told her that her legal materials would be destroyed because "we don't like jailhouse lawyers in our institution," is sufficient for her to state a relation claim.

However, Jackson fails to state an access-to-the courts claim based on her allegations that her legal materials were destroyed against her wishes. "[T]he mere denial of access to . . . legal materials is not itself a violation of a prisoner's right." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim, a prisoner must "make specific allegations as to the prejudice suffered because of the defendants' alleged conduct." *Id.* In other words, a prisoner must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

Although Jackson asserts there were additional proceedings she considered pursuing in state or federal court relating to her 2001 conviction, a review of the state and federal dockets reveals no filing from Jackson in the last decade. The destruction of the material she describes would not have prevented her from filing a postconviction motion or habeas petition. Accordingly, Jackson fails to satisfy the pleading requirement because she does not allege she suffered prejudice as a result of her property being destroyed—she cannot have lost a challenge to her conviction that

she never pursued. She also fails to allege that she lost her civil case as a result of the destruction of her legal materials. In Case No. 17-C-0627 (E.D. Wis.) Judge Lynn Adelman granted summary judgment for the defendants. In support of her response to the defendants' motion, Jackson attached more than seventy pages of exhibits, suggesting that she was able to reproduce or obtain copies of whatever materials were allegedly destroyed. In short, the Court will not allow her to proceed on an access-to-the-courts claim because she fails to allege or identify any prejudice as a result of her legal materials being destroyed.

Jackson also fails to state a due process claim based on allegations that her property was destroyed contrary to Department of Corrections policies. If Defendants destroyed her property without her permission and contrary to policies requiring that she be given other options for disposition, then their actions were random and unauthorized and the destruction of her property was not the result of a constitutionally infirm procedure. "When state officials' conduct is random and unauthorized, due process requires only that an adequate post-deprivation remedy exist." *Kimmons v. Waupun Property Staff*, 1 F. App'x 496, 598 (7th Cir. 2001). The Seventh Circuit has repeatedly "held that Wisconsin's post-deprivation procedures are adequate." *Id.* (citations omitted). Further, the violation of state law or the Department of Corrections policy does not itself give rise to a constitutional claim. As the Seventh Circuit has noted, "a constitutional suit is not a way to enforce state law through the back door." *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019). Thus, if Jackson wants to pursue this claim, she must do so in state court.

Finally, because Jackson fails to state a federal claim based on the destruction of her property, she also fails to state a claim against McDermott, who she alleges failed to intervene to stop the destruction of the property. "In order for there to be a failure to intervene, it logically

follows that there must exist an underlying constitutional violation . . . ." *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016) (citations omitted).

**IT IS THEREFORE ORDERED** that Jackson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hendrix, Campbell, Salinas, and McDermott are **DISMISSED** based on Jackson's failure to state a claim against them.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Jackson's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO II Gantner

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Gantner shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Jackson shall collect from her institution trust account the $346.52 balance of the filing fee by collecting monthly payments from Jackson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jackson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jackson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Jackson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 21st day of June, 2021.

s/ <i>Brett H. Ludwig</i><br>
BRETT H. LUDWIG<br>
United States District Judge