UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LONNIE L. JACKSON,

        Plaintiff,

v.                                                                              Case No. 21-cv-0640-bhl

LISA GANTNER,

        Defendant.

## DECISION AND ORDER

      Plaintiff Lonnie L. Jackson is representing herself in this 42 U.S.C. §1983 action. On June 21, 2021, the Court screened Jackson's complaint and allowed her to proceed on a retaliation claim on allegations that Defendant Lisa Gantner orchestrated the destruction of Jackson's legal materials because Jackson had assisted other inmates as a jailhouse lawyer. Dkt. No. 7 at 5. The Court also concluded that Jackson failed to state an access-to-the-courts claim because she failed to allege that she suffered actual prejudice as a result of her legal materials being destroyed. *Id.* at 5-6.

      On July 21, 2021, Jackson filed a motion for leave to file an amended complaint. Dkt. No. 10. As required by Civil L. R. 15, she also filed a proposed amended complaint. Dkt. No. 10-1. The amended complaint adds additional facts regarding the alleged prejudice she suffered as a result of the destruction of her legal documents. The Court will grant Jackson's motion, docket the amended complaint as the operative complaint, and screen the amended complaint.

## ADDITIONAL ALLEGATIONS IN THE AMENDED COMPLAINT

The Court summarized the original complaint's allegations in its screening order, *see* dkt. no. 7 at 3-4, so it will not repeat those allegations in this order. The Court will summarize only the additional allegations Jackson asserts in her amended complaint.

Jackson was convicted of four counts of first-degree sexual assault of a child on May 5, 2003. *See* Wisconsin Circuit Court Access, https://wcca.wicourts.gov/case.html (Case No. 2001CF5750). According to her amended complaint, she had the original transcripts from her trial and, over the course of fifteen years, had obtained several sworn affidavits, including from the victim, the victim's mother, and a witness who allegedly asserted that Jackson was never at the location of the crime. Jackson asserts that all of these materials were destroyed. She explains that she cannot afford to purchase copies of the trial transcripts, and the witness who can place her at a different location is in the U.S. Navy, making it difficult to get a replacement statement. Jackson asserts that, because these documents have been destroyed, she cannot challenge her conviction in state or federal court. Dkt. No. 10-1 at 1-6.

## ANALYSIS

The Court will allow Jackson to proceed on a retaliation claim against Gantner for the reasons explained in its screening order. *See* Dkt. No. 7 at 5. The Court will also allow Jackson to proceed on an access-to-the-courts claim against Gantner, Tom Campbell, and K. Salinas based on her assertions that they moved forward with the destruction of her legal documents even after she informed them that she needed the documents to attack her conviction. *See Johnson v. Barczak*, 338 F.3d 771, 772-73 (7th Cir. 2003) (to state an access-to-the-courts claim, a plaintiff must set forth allegations from which the Court can reasonably infer that "unjustified acts . . . hindered h[er] ability to pursue a nonfrivolous legal claim").

However, Jackson fails to state a claim against warden Jennifer McDermott based on her allegations that McDermott failed to intervene in the determination of what to do with Jackson's documents. McDermott did not ignore Jackson's notice, rather she instructed Jackson to use the grievance process to raise her concerns. As the warden, McDermott was entitled to relegate to other prison officials decisions involving the day-to-day management of prison affairs. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (explaining that "public officials do not have a free-floating obligation to put things to rights" and that "no prisoner is entitled to insist that one employee do another's job"). None of Jackson's allegations suggest that McDermott participated in the review of her documents or the decision to destroy the documents.

Jackson also fails to state a claim against CO Hendrix, who merely served as a witness to Jackson's refusal to sign a disposition form. According to Jackson, Hendrix later told her that he did not know that the property to be destroyed included legal documents, and none of Jackson's allegations suggest that he was involved in the review of the documents or in the decision to destroy the documents. It is a well-established principle of law that, to be liable, a defendant must be personally responsible for the alleged deprivation. *Backes v. Village of Peoria Heights, Ill.*, 662 F.3d 866, 869 (7th Cir. 2011).

**IT IS THEREFORE ORDERED** that Jackson's motion to file an amended complaint (Dkt. No. 10) is **GRANTED**. The clerk's office is directed to docket Jackson's proposed amended complaint, Dkt. No. 10-1, as the operative complaint.

**IT IS FURTHER ORDERED** that CO Hendrix and Jennifer McDermott are **DISMISSED** based on Jackson's failure to state a claim against them.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Jackson's amended complaint, the

3

screening order (Dkt. No. 7), and this order are being electronically sent today to the Wisconsin Department of Justice for service on Lisa Gantner, Tom Campbell, and K. Salinas.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Lisa Gantner, Tom Campbell, and K. Salinas shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 20th day of August, 2021.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge