LONNIE L. JACKSON,

        Plaintiff,

        v.                                         Case No. 21-cv-0640-bhl

LISA GANTNER, et al.,

        Defendants.

## DECISION AND ORDER

      Plaintiff Lonnie Jackson, who is serving a state prison sentence at the Fox Lake Correctional Institution and representing herself, filed this action pursuant to 42 U.S.C. §1983, alleging that her civil rights were violated when she was previously incarcerated at the Kettle Moraine Correctional Institution. She is proceeding on a retaliation claim against Defendant Lisa Gantner and an access to the courts claim against Gantner and two other Defendants. On December 16, 2021, Gantner filed a motion for partial summary judgment on exhaustion grounds. Dkt. No. 19. She asserted that Jackson never filed any inmate complaint about her retaliating against Jackson for being a jailhouse lawyer. Dkt. No. 20.

      On January 18, 2022, Jackson "concede[d] that the defendants are correct in their assertions that [Jackson] failed to properly exhaust her administrative remedies relating only to the portion of her complaint relating to the retaliation allegations." Dkt. No. 25 at 2. Jackson acknowledged that "she did in fact fail to put the defendants on proper notice as it related to the retaliation portion of her complaint, and does not object to the Court's granting of partial summary judgment as it relates to only the retaliation claim . . . ." *Id.*

Accordingly, based on the undisputed facts showing that Jackson failed to exhaust the available administrative remedies in connection with her retaliation claim, the Court will grant Gantner's motion and will dismiss her retaliation claim.

Finally, on January 21, 2022, Defendants filed a motion for judgment on the pleadings. Dkt. No. 31. The Court reminds Jackson that, under Civil L. R. 7(b), her response to the motion is due within 21 days of service of the motion, or by **February 11, 2022**. Civil L. R. 7(d) states that the Court may grant a motion as a sanction if the responding party fails to comply with the rule's briefing requirements. If Jackson believes she needs more time to prepare her response, she must file a motion for an extension of time before her response is due.

## CONCLUSION

For these reasons, Gantner's motion for partial summary judgment on exhaustion grounds (Dkt. No. 19) is **GRANTED**, and the retaliation claim against Gantner is **DISMISSED without prejudice** based on Jackson's failure to exhaust the available administrative remedies.

Dated at Milwaukee, Wisconsin on January 25, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
