UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LONNY L. JACKSON,

                Plaintiff,

v.                                                           Case No. 21-cv-0640-bhl

LISA GANTNER, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff Lonnie Jackson, who is serving a state prison sentence at the Fox Lax Correctional Institution, is representing herself in this 42 U.S.C. §1983 action. She is proceeding on an access-to-the-courts claim based on allegations that Defendants destroyed her legal documents and evidence even though she told them she needed the materials to challenge her conviction.[1] *See* Dkt. No. 13. On January 21, 2022, Defendants filed a motion for judgment on the pleadings asserting that *Heck v. Humphrey*, 512 U.S. 486 (1994), bars Jackson's claim. The Court will grant Defendants' motion and dismiss this case.

## LEGAL STANDARD

A motion under Fed. R. Civ. P. 12(b)(6) is filed before answering, and a motion under Fed. R. Civ. P. 12(c) is filed "[a]fter the pleadings are closed but within such time as not to delay the trial." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 n. 3 (7th Cir. 1998) (quoting Fed. R. Civ. P. 12(c)). The standards for motions under Rule 12(b)(6) and 12(c)

---

[1] Jackson was also allowed to proceed on a retaliation claim, but that claim was later dismissed after Jackson conceded that she did not exhaust the available administrative remedies in connection with that claim. *See* Dkt. No. 33.

are the same. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). Dismissal under Rule 12 is appropriate when an affirmative defense appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## ANALYSIS

The Seventh Circuit has explained that "[t]he Constitution protects a prisoner's right of access to the courts; state actors must respect that right by not impeding prisoners' efforts to pursue legal claims. That right is violated when a prisoner is deprived of such access and suffers actual injury as a result." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (citations omitted). Jackson alleges that Defendants destroyed legal materials that are difficult to replace, thereby impeding her efforts to appeal her conviction. Thus, to satisfy the "actual injury" requirement for an access-to-the-courts claim, Jackson must demonstrate that her challenge to her conviction had merit and her conviction is therefore invalid. *See Hoard v. Reddy*, 175 F.3d 531, 533-34 (7th Cir. 1999) ("where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid").

As Defendants point out, it is well established under *Heck v. Humphrey*, 512 U.S. 486, 487 (1994), that an inmate may not pursue a §1983 suit for damages that would necessarily imply the invalidity of her conviction "unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to h[er] conviction or sentence." *See Burd v. Sessler*, 702 F.3d 429, 431-32 (7th Cir. 2012) (quoting *Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004)). Accordingly, because Jackson can prevail on her access-to-the-courts claim only if she shows that her challenge to her conviction has merit and that her conviction is therefore invalid, she may not pursue such a claim until after her conviction is set aside. *See Burd v. Sessler*, 702 F.3d 429 (7th Cir. 2012), *overruled on other grounds by Savory v. Cannon*, 947 F.3d 406 (7th Cir. 2020), (holding that

2

plaintiff's access-to-the-courts claim was barred by *Heck* because it would imply the invalidity of his conviction); *see Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999) (same).

Jackson decries the unfairness of such a result, noting that it is only because of Defendants' actions that she is unable to successfully challenge her conviction. But the Seventh Circuit has held that *Heck* applies even if those circumstances. *See Nance v. Vieregge*, 147 F.3d 589, 590-91 (7th Cir. 1998) (holding that *Heck* barred access-to-the-courts claim premised on guard's mishandling of legal documents); *see also Vega v. Anderson*, No. 18-cv-678-JDP, 2020 WL 5709234, at *6 (W.D. Wis. Sept. 24, 2020) (holding that *Heck* barred access-to-the-courts claim premised on guards' destruction of legal materials). Accordingly, the Court will grant Defendants' motion for judgment on the pleadings and will dismiss this case.

**IT IS THEREFORE ORDERED** that Defendants' motion for judgment on the pleadings (Dkt. No. 31) is **GRANTED** and this case is **DISMISSED without prejudice** because it is barred by *Heck v. Humphrey*. The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendants' motion to disregard Plaintiff's sur-reply (Dkt. No. 38) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on March 30, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge